**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GAIL BAIKIE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 10 C 6022** |
| | ) | |
| **TOM DART, SHERIFF of COOK COUNTY,** | ) | **JUDGE KENNELLY** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF**
**DIRECTED VERDICT ON PLAINTIFF'S CLAIMS**

Defendant, Cook County Sheriff and County of Cook, by and through their attorney, Anita Alvarez, State's Attorney of Cook County, and her Assistant State's Attorneys, Gregory Vaci and Patricia Fallon, submit this memorandum in support of their motion for directed verdict on Plaintiff's claims pursuant to Rule 50 of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Under Rule 50**,** a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a); S*ee also Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133 (2000). The standard for granting judgment as a matter of law "mirrors" the standard for granting summary judgment. *Id.,* quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51 (1986)).

**Defendants Are Entitled To Judgment On Plaintiff's Claim of Race Discrimination**

To prevail on her Title VII claim, Plaintiff had to prove that she was terminated because of her race. Specifically, she had to "provide direct or circumstantial evidence that the decisionmaker has acted for a prohibited reason. A decisionmaker is the person 'responsible for

the contested decision.' " *Rogers v. City of Chicago*, 320 F.3d 748, 754 (7th Cir. 2003) If a decisionmaker is unaware of the race of the plaintiff, the decision cannot be motivated by the plaintiff's race.

The evidence in this case establishes that there is no dispute that the decisionmaker was unaware of the Plaintiff's race. Zelda Whittler testified that the documents in her possession at the time that she decided to concur with the Office of Professional Review recommendation were Defendant's exhibits 1 through 7. None of the exhibits indicate the race of Plaintiff. Further, Ms. Whittler testified that she had not previously met Plaintiff, nor had anyone told Ms. Whittler Plaintiff's race prior to her making the decision to concur. Plaintiff has not provided any direct or circumstantial evidence to the contrary. As such, Plaintiff cannot sustain her burden of showing that the decision by Ms. Whittler was motivated by race and plaintiff's Title VII should be dismissed. *See Stephens v. Erickson*, 569 F.3d 779, 788 (7th Cir. 2009) ("Clearly, a supervisor cannot retaliate against an employee for a protected activity about which he has no knowledge"); *Holmes v. Potter*, 384 F.3d 356, 362 (7th Cir. 2004) ("Usually, an employer's lack of knowledge about a protected category rings a death knell for discrimination claims"), citing *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("There is no indication that [the employer] even knew about the [protected activity] when [an adverse action place]"); *Davis v. Con-Way Transp. Central Express*, 368 F.3d 776, 785-86 (7th Cir. 2004) (concluding there was no evidence of any direct or indirect race discrimination concerning plaintiff's termination because one decisionmaker did not know the race of plaintiff and the other testified that race was not a factor to approve termination); *Dodson v. Marsh*, 678 F. Supp 768, 772 (S.D. Ind. 1988) ("The plaintiff cannot prove that she was a victim of discrimination . . . when the selecting official did not even know the plaintiff's race."), citing *Robins v. Adams*, 830 F.2d 128, 129 (9th

Cir. 1987) ("An employer cannot intentionally discriminate against a job applicant based on race unless the employer knows the applicant's race.").

## CONCLUSION

WHEREFORE, Defendant respectfully requests this Honorable Court to enter judgment in its favor as to Plaintiff's Title VII race claim pursuant to Rule 50 of the Federal Rules of Civil Procedure.

Respectfully submitted,

BY:   /S/Gregory Vaci
ARDC# 6204697
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3369